William L. Genrich and Frances L. Genrich, Plaintiffs-Respondents,
v.
City of Rice Lake, Defendant-Appellant.
No. 2005AP969.
Court of Appeals of Wisconsin, District III.
May 31, 2006.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
This case returns to us after we reversed and remanded a summary judgment in favor of the City of Rice Lake. The City levied a $44,612.25 special assessment against the Genrich property for an extension of South Street and public improvements that included installing water and storm sewers, sidewalks, curbs and gutters. We concluded that genuine issues of material fact existed concerning the purpose for making the improvements and whether the property received special benefits. See Genrich v. City of Rice Lake, 2003 WI App 255, 268 Wis. 2d 233, 673 N.W.2d 361. Because special assessments can only be levied for local improvements, we instructed the circuit court on remand to determine whether the nature of the improvements were general or local. Id., ¶2.
¶2 The case was tried to the circuit court on November 12, 2004. The court rendered a written decision on January 27, 2005, which set forth findings of fact and conclusions of law. After considering both the City's purpose and the benefits the Genrichs received, the court concluded that the public improvements were general rather than local. The court therefore concluded the assessments were inappropriate and vacated the assessments. The City now appeals.
¶3 Public improvement usually falls into one of two categories: general or local. A general improvement is one that confers a general benefit, that is, a "'substantially equal benefit and advantage' to the property of the whole community, or benefits the public at large." Id., ¶8 (citing Duncan Dev. Corp. v. Crestview San. Dist., 22 Wis. 2d 258, 264, 125 N.W.2d 617 (1964)). In contrast, a local improvement, although incidentally beneficial to the public at large, is primarily made for the accommodation and convenience of inhabitants in a particular locality and confers "special benefits" to their properties. Id. Whether in a particular case an improvement is local or general presents a question of fact. Id., ¶9. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. WIS. STAT. § 805.17(2).[1]
¶4 Here, the circuit court concluded that the "facts compel the conclusion that the public improvement confers far more general benefit to the entire community than special benefit to the particular locality." The court found the purpose of the improvement was to provide public access to a newly created park and soccer fields created from an abandoned airport. The City through its various real estate dealings had inadvertently landlocked the park and thus made it inaccessible for any substantial use prior to the street extension. Faced with several options to provide access to the park, the City opted to purchase a parcel of land north of the Genrich property to construct an extension and improvement of South Street. In the end, the project consisted of a 528-foot paved extension of South Street with curbs, gutters and sidewalks, along with the installation of public water utilities to serve the park and the surrounding properties.
¶5 The court found that development of the abandoned airport into a park and soccer fields met an important goal of the City, fulfilling a need for a green space buffer between commercial property to the west of the old airport and residential development along Moon Lake. This goal was reiterated in various planning documents over the years, including city council minutes which identified the primary purpose of the improvement as being to serve as an entrance to the Moon Lake Park facility. Another memo from the city planner to the council stated the purpose of the project was "the construction of South Street extended for access to the park facility."
¶6 The court found that prior to the completion of the park project it became necessary to consider the construction of a soccer field facility somewhere in the Rice Lake and Cameron communities. The soccer association was to lose its facilities and needed more space to rebuild its fields. At some point in time the City determined that the airport property would be appropriate for soccer field development, consistent with its plan for green space. The airport property is now known as Moon Lake Park and includes various soccer fields and restroom facilities.
¶7 The court also noted that the extension of the water main eastward was for general benefit. The City enacted an exception to their bidding policy to start the project by laying a water main. Planning memos emphasized the need to water the planted grass early to ensure adequate growth. As the court emphasized, no mention was made of the need to provide immediate fire protection in the locality. In fact, immediate fire hydrants were not necessary as all the parcels within the protection area that a hydrant might provide were vacant.
¶8 Conversely, the court found that the Genrich property benefited little by the South Street improvement. Prior to the street extension, the Genrich property obtained potable water from a private well. The well continues to be their water source. Sewage was still disposed of through a private septic system. The Genrich driveway remained a concrete access onto a paved public thoroughfare. Moreover, the new fire hydrant at the east end of the South Street extension provided no added fire protection. The hydrant was further away from the Genrich buildings than the two preexisting hydrants that remained. Consequently, the court found that any benefit to the Genrichs was minimal. The findings of the circuit court are not clearly erroneous.
¶9 The City spends a good deal of its brief arguing that the special assessment is reasonable based on uniformity and uniqueness concerns. We need not reach the propriety of the special assessment levied on the Genrich property. As mentioned, special assessments can only be levied for local improvements. See Genrich, 268 Wis. 2d 233, ¶9. It follows that if an assessment is not local, it cannot be financed in any manner by special assessments. We made clear in our prior decision that the circuit court was only to consider whether the assessment had a reasonable basis if the court first found the assessment was local. See id., ¶¶19-20. Although the circuit court mentioned that the assessment process the City used to determine the amount due appeared to be unfair, the court did not base its decision upon those comments.
By the Court. Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.